O

# United States District Court
# Central District Of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLENN BOSWORTH,<br><br>　　　　Defendant. | Case No. 2:13-cv-08352 ODW<br>2:09-CR-0052-ODW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND SENTENCE AND WITHDRAW PLEA, PURSUANT TO 28 USC 2255** |

## I. INTRODUCTION

On February 20, 2009 Bosworth plead guilty to Count 1 of the Information, charging him with violation of 18 USC §2422(b) Use of a facility of Interstate Commerce To Induce a Minor To Engage in Criminal Sexual Activity. After no fewer than nine continuances, on October 22, 2010, Bosworth was sentenced to nine years in prison with 20 years of supervision to follow. U.S. Probation had recommended a sentence of 10 years imprisonment. The conviction and sentence were affirmed by the Ninth Circuit on February 22, 2012 [CCA 10-50530].

///

On October 31, 2013 Defendant filed the instant motion to vacate his conviction and sentence and requesting permission to withdraw his previously entered guilty plea pursuant to 28 U.S.C. §2255. At the time of filing of this decision, the Court has received no submission from the government. The question which immediately confronts the court is the timeliness of the petition. 2255 (f) provides: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

**(1) the date on which the judgment of conviction becomes final;**

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (emphasis added.)

Only 2255(f)(1) applies to the facts of this case. Here, the decision by the Ninth Circuit Court of Appeals, affirming Bosworth's conviction and sentence was filed February 22, 2012. Under *Supreme Court Rules, Rule 13.* A Petition for Writ of Certiorari must be filed within 90 days after entry of judgment in the Court of Appeals, or by May 23, 2012. At time, the Court of Appeals decision is final. For "federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079, 155 L. Ed. 2d 88 (2003).

The 1-year period within which to commence this action under 28 USC §2255 expired May 23, 2013. Bosworth initiates this proceeding five months late. For this reason, the petition is DENIED.

///

///

Bosworth's motion to recuse the prosecutors assigned to this case is DENIED as moot.

**IT IS SO ORDERED.**

**April 8, 2014**

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**