O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GLENN BOSWORTH,<br><br>　　　　Defendant. | Case No. 2:13-cv-08352 ODW<br>[2:09-CR-00052 ODW]-**<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |
|---|---|

## I.　INTRODUCTION

On February 20, 2009 Plaintiff plead guilty to Count 1 of the Information, charging him with violation of 21 USC §2422Ib) Use of a facility of Interstate Commerce To Induce a Minor To Engage in Criminal Sexual Activity.  After no fewer than nine continuances, on October 22, 2010 Petitioner was sentenced to nine years in prison with 20 years of supervision to follow.  U.S. Probation had recommended a sentence of 10 years imprisonment, the mandatory minimum.  The conviction and sentence were affirmed by the Ninth Circuit on February 22, 2012 [105].

　　On November 12, 2013 Defendant filed a Motion to Vacate Judgment and Sentence and Withdraw Plea pursuant to 28 U.S.C. §2255 [DE 1].  On April 28, 2014 the Court issued

an order denying his request to withdraw his guilty plea.  However, because at the time of sentencing, Bosworth was encouraged not to have his daughter in attendance,  he claims to have been denied his  Sixth Amendment right to an open and public sentencing hearing. Under 28 USC 2253(c)(2) a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

The Court's order stated:

> . . . to the extent Bosworth desires a fully open sentencing hearing, his request is provisionally **granted**.  It was the Court's misplaced concern that Bosworth's daughter be spared hearing, in his own words, the unspeakable depravity of her father arranging for a sexual encounter with a 12 year old girl.  It was the court's hope that whatever heroic images she still had of her father not be sullied.  But as Bosworth appropriately reminds the Court, that is not the role of this institution.  That is his responsibility.  Consequently, a new sentencing hearing will be scheduled at a time convenient to counsel and Bosworth's family members and anyone else he wishes to have in attendance.
>
> At that hearing, the current sentence will be vacated and a new sentencing hearing will be held during which the court will consider anew all relevant conduct and any other  information relevant to the 18 U.S.C.  §3553(a) factors.  The Court will also consider anew whether there was sufficient justification not to impose the  mandatory minimum sentence.  Bosworth will then be resentenced.
>
> Counsel will notify the court of several proposed dates for resentencing.  If the court does not hear from Bosworth's counsel in 60 days of the date of this Order, the Court will assume that the request has been withdrawn.

That Order was entered April 28, 2014.  Not only did the 60 day limit come and go, but to date there has been no indication from or on behalf of Bosworth that he desires the new open sentencing hearing.

## II    BOSWORTH'S ARGUMENTS HAVE NO MERIT.

Bosworth argues that his sentence has been vacated thus placing him in the position of being post plea but pre-sentence.  He thus argues that he is entitled to withdraw his guilty plea prior to sentencing under Fed. Rules of Crim. Proc. 11(d)(2)(B), i.e. the defendant can show a fair and just reason for requesting the withdrawal.  However, his argument is based on a false premise.  He is **post-sentence.**  Bosworth was invited to schedule with the Court a date for a new sentencing hearing  at which ," the current sentence will be vacated and a new sentencing hearing will be held."  Bosworth declined the court's invitation to schedule a new sentencing hearing at a time convenient to his family and anyone else he wanted in attendance.  He failed to contact the court  within the 60 day time limit or at all.  The court was left to conclude that Bosworth was more interested in complaining that his daughter was not in attendance at his sentencing than he is in actually having her attend a resentencing.  In any event no resentencing hearing was requested or held, therefore the original sentence was not vacated and remains in effect.  His complaint of error should be considered waived.

Accordingly, a Certificate of Appealability is **Denied**.

**September 23, 2014**

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**